UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOFFREY BRADWAY,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SAN MATEO, et al.,<br><br>    Defendants. | Case No. 25-cv-06918-AGT<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 12 |

Defendants County of San Mateo, Owen Grabar, John Carroll, Charles Titus, Sean Lundin-Weston, David Lomu, Luis Rios, Brandt, Soares, and Garrett Pene[1] move to dismiss, dkt. 12, plaintiff Geoffrey Bradway's complaint, dkt. 1, in its entirety. Bradway opposes. Dkt 15. The Court held a hearing on October 31, 2025, and now decides as follows.

### I.  Legal Standard

To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In ruling on a Rule 12(b)(6) motion, a court takes "factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving

---

[1] In this order, Defendants refers to the individual officer defendants. San Mateo refers to the defendant county.

party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, conclusory statements that are unsupported by factual allegations are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

## II.   42 U.S.C. § 1983 Claims[2][3]

42 U.S.C. § 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (cleaned up). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.  Fourth Amendment

Bradway alleges that Defendants made a warrantless entry into his hotel room without consent and detained him in handcuffs. Dkt. 1 ¶ 23. While he was cuffed, Defendants searched Bradway's hotel room. *Id.* ¶ 24. Defendants then took Bradway into custody under California Welfare & Institutions Code § 5150 and caused Bradway to be transported to a medical center, where he was held for seventy-two hours. *Id.* ¶ 26. On these facts, Bradway alleges violations of the Fourth Amendment's prohibitions against unreasonable searches and seizures, unreasonable detention, and its right to privacy. *Id.* ¶ 36.

/ / /

/ / /

---

[2] Bradway brings § 1983 claims against Defendants only, not San Mateo. Dkt. 1 ¶¶ 35–41; dkt. 15 at 7.

[3] Bradway alleges a failure to supervise. Dkt. 1 ¶ 38. Defendants don't address failure to supervise in their moving papers. Dkt. 12. As such, to the extent that Bradway is asserting a § 1983 claim based on failure to supervise against individual Defendants, the motion to dismiss is denied with respect to that claim.

### i. Search of Hotel Room

Defendants move to dismiss, arguing first that a warrantless entry is justified when the officers are entering to assist an armed person experiencing a mental health emergency. Dkt. 12 at 10–11.[4] Defendants' search was therefore not a Fourth Amendment violation. *Id.* Bradway responds that Defendants lacked the probable cause and exigent circumstances needed to properly justify such an intrusion. Dkt. 15 at 9.

"[L]aw enforcement officers may enter a home without a warrant to render emergency assistance to an injured occupant or to protect an occupant from imminent injury." *City & Cnty. of San Francisco, Calif. v. Sheehan*, 575 U.S. 600, 611–12 (2015) (citation omitted). Here, however, the Court must accept the allegations of the complaint as true. And Bradway pleads that he was engaged in a "spiritual and artistic project" involving a propane stove and a knife. Dkt. 1 ¶ 20. Defendants were called on a "medical call." *Id.* ¶ 18. He spoke with Defendants over the phone and explained his project. *Id.* ¶ 20. While on the phone, Defendants asked for consent to enter Bradway's room, which he declined. *Id.* Then, while Bradway sat calmly and unarmed on a chair on his ground floor balcony, Defendants "made verbal contact" and attempted to build a rapport with Bradway. *Id.* ¶ 17, ¶ 21 & ¶ 23. Defendants knew that Bradway was unarmed. *Id.* ¶ 21. During that time, another group of officers entered the hotel room, detained Bradway in handcuffs and searched the room. *Id.* ¶ 24. As pled in the complaint, it is not persuasive to the Court that Defendants were rendering emergency assistance such that they were permitted to enter without a warrant or consent. Bradway alleged that he was calm, engaged with Defendants, and seated outside, unarmed. Taking these allegations as true, the Court is not persuaded at this juncture that any

---

[4] Page numbers in this order correspond to the ECF pagination at the top of each page.

emergency existed to permit a warrantless entry without consent. Defendants' motion to dismiss the Fourth Amendment search claim is denied.

### ii. Seizure of Bradway

Bradway alleges that, after being cuffed, he was detained pursuant to § 5150 and held for seventy-two hours against his will. Dkt. 1 ¶ 26.[5] Defendants argue that they had probable cause to detain him pursuant to § 5150. Dkt. 12 at 11–12.

Section 1550 specifies that, "[w]hen a person, as a result of a mental health disorder, is a danger to others, or to themselves . . . a peace officer . . . may, upon probable cause, take, or cause to be taken, the person into custody for a period of up to 72 hours for assessment, evaluation, and crisis intervention . . . ." California Welfare & Institutions Code § 5150(a). Probable cause under § 5150 exists when facts are known to the officer "that would lead a person of ordinary care and prudence to believe, or to entertain a strong suspicion, that the person detained is mentally disordered and is a danger to [themselves] or is gravely disabled." *Heater v. Southwood Psychiatric Ctr.*, 42 Cal. App. 4th 1068, 1080 (1996). The officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant his or her belief or suspicion." *Id.* "Each case must be decided on the facts and circumstances presented to the officer at the time of the detention." *People v. Triplett*, 144 Cal. App. 3d 283, 288 (1983).

Defendants' request to dismiss this claim must be denied for the same reasons as above. Taking the allegations in the complaint as true, Defendants responded to a medical

---

[5] Bradway brings both unreasonable seizure and unreasonable detention claims under the Fourth Amendment, predicated on the same conduct. Dkt. 1 ¶ 36. The Court treats this as a single unreasonable seizure claim. *See, e.g.*, *Michigan v. Summers*, 452 U.S. 692, 694 (1981) (inquiring "whether the initial *detention* of respondent violated his constitutional right to be secure against an *unreasonable seizure* of his person") (emphasis added).

4

call regarding Bradway, who engaged with them calmly while known to be unarmed. Defendants then entered his hotel room without consent or a warrant, cuffed him, searched the room, and detained Bradway. On those facts, Bradway has not failed to state a claim for unreasonable seizure under the Fourth Amendment. Defendants' motion to dismiss this claim is denied.

### iii. Qualified Immunity

Defendants argue that, if the Court finds that Bradway has pled a constitutional violation, then Defendants are entitled to qualified immunity. Dkt. 12 at 14. Bradway responds that his constitutional right to be free from detention without probable cause was clearly established at the time of the event. Dkt. 15 at 10.

Specifically, Defendants argue that there is no caselaw precluding an officer from entering a hotel room without a warrant when faced with a person possibly experiencing a mental health emergency, burning a knife over a stove on their balcony. Dkt. 12 at 14. This presupposes that it is established that Bradway was having a mental health emergency and that he was burning a knife over a stove upon their entry. But, when qualified immunity is raised in a motion to dismiss, the court must decide "whether the facts alleged in the complaint, assumed to be true, yield the conclusion that the defendant is entitled to immunity." *Butler v. San Diego District Attorneys Office*, 370 F.3d 956, 962–63 (9th Cir. 2004). As noted above, the Court cannot say based on the pleadings that Bradway was having a mental health emergency at the time or that he was burning a knife over a stove when Defendants entered, such that Defendants are entitled to qualified immunity at this stage. Bradway pleads that he was calm, engaging with the Defendants, and unarmed at the time of Defendants' entry. Consequently, at this pleading stage, qualified immunity does not apply. Defendants

5

may again seek qualified immunity on a motion for summary judgment following the further development of the factual record in this case. But Defendants' motion to dismiss the Fourth Amendment claims on this basis is denied.

####        iv.    Right to Privacy

Defendants argue that Bradway fails to state a claim for a violation of his right to privacy under the Fourth Amendment. Dkt. 12 at 12. As noted by Defendants in their reply, dkt. 18 at 4, Bradway does not respond to this argument and thereby concedes it. This claim is dismissed with prejudice. *See Jenkins v. Cnty. of Riverside,* 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (noting that plaintiff "abandoned her other two claims by not raising them in opposition" to a motion).

### B.   First Amendment

####         i.    Right to Privacy

At the hearing, Bradway conceded that he had no viable First Amendment right to privacy claim. *See* Oral Argument at 20:30–40.[6] As such, Bradway's § 1983 claim as predicated on a violation of his First Amendment right to privacy is dismissed with prejudice.

####        ii.    Free Exercise

Bradway similarly conceded that he is not challenging the constitutionality of § 5150, *see* Oral Argument at 16:50–58, and that his religious conduct was only incidentally burdened and he will not pursue a First Amendment Free Exercise claim. *See id.* at 19:10–14 & 20:35–21:23. This claim is dismissed with prejudice.

///

---

[6] Citations to argument in this order refer to time stamps from the Zoom recording of the Court's October 31, 2025, hearing. Upon request, the Court can provide a link to the recording and password. Any such requests should be filed on the Court's docket.

### C. Fourteenth Amendment

#### i. Right to Follow Chosen Profession

At the hearing, Bradway conceded that he would not pursue this claim. *See* Oral Argument at 34:12–31. So, the Court dismisses this claim with prejudice.

#### ii. Right to Refuse Medical Treatment

In his complaint, Bradway alleges that he was restrained, transported on a stretcher by ambulance to a medical center, and held there pursuant to § 5150. Dkt. 1 ¶ 26. He alleges a violation of his right to refuse medical care under the Fourteenth Amendment. *Id.* ¶ 37. Defendants argue that Bradway fails to allege receiving any medical care and therefore this claim must be dismissed. Dkt. 12 at 13. Bradway responds that his allegations show a violation of his right to receive medical treatment. Dkt. 15 at 9. Bradway, however, has failed to allege receiving any medical treatment or care, representing only that he was taken to a medical center via stretcher and ambulance, and held there. *See* dkt. 1. Without an allegation regarding what medical care he received or refused, the Court cannot find a violation of any right to refuse medical treatment. This claim is dismissed without prejudice.

#### iii. Rights to Privacy, Due Process, and Liberty

Bradway brings claims regarding his rights to privacy, due process, and liberty under the Fourteenth Amendment. Dkt. 1 ¶¶ 36–37. Defendants argue that these are properly brought under the Fourth Amendment, not Fourteenth, and must therefore be dismissed. Dkt. 12 at 13–14. Bradway summarily responds that his allegations show violations of the Due Process Clause. Dkt. 15 at 9. In reply, Defendants argue that Bradway failed to respond to their argument and thereby conceded it. Dkt. 18 at 4–5. The Court agrees with Defendants. *See Namisnak v. Uber Techs., Inc.,* 444 F. Supp. 3d 1136, 1145–46 (N.D. Cal. 2020) (finding

claims conceded and dismissing where plaintiffs failed to respond to arguments in opposition and failed to clarify after defendants' reply that plaintiffs did not concede).

Additionally, "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Albright*, 510 U.S. at 273 (cleaned up). The Fourth Amendment explicitly protects against "unreasonable searches and seizures." U.S. Const. amend. IV. *See also Conn v. Gabbert,* 526 U.S. 286, 293 (1999) ("Challenges to the reasonableness of a search by government agents clearly fall under the Fourth Amendment, and not the Fourteenth."). As argued by Defendants, dkt. 12 at 13–14, "the Supreme Court has held that plaintiffs cannot 'double up' constitutional claims in this way," *Ramirez v. Butte-Silver Bow Cnty.*, 298 F.3d 1022, 1029 (9th Cir. 2002), *aff'd sub nom. Groh v. Ramirez*, 540 U.S. 551 (2004), by bringing them under both an explicit textual source and a more general one. *Id.* Because the Fourth Amendment expressly bars unreasonable searches and seizures, it is the proper vehicle for claims grounded in Bradway's search and seizure, not the Fourteenth Amendment.

Finally, at the hearing, Bradway did not dispute that claims brought under the Fourth and Fourteenth Amendment — and predicated on the same conduct — could not stand as independent claims or theories. *See* Oral Argument at 33:20–47.

In light of the above, Bradway's Fourteenth Amendment claims as rooted in a search or seizure must be dismissed with prejudice. Any amendment would be futile. *See Chaset v. Fleer/Skybox Int'l, LP,* 300 F.3d 1083, 1088 (9th Cir. 2002).[7]

---

[7] Bradway argues in opposition that Rule 12(b)(6) does not allow a court to dismiss only a

### D. Claims under the California Constitution

Section 1983 allows a plaintiff to vindicate "federal rights elsewhere conferred." *Albright*, 510 U.S. at 271. Defendants argue that § 1983 does not provide an avenue for Bradway to vindicate his rights under the California Constitution. Dkt. 12 at 14. Bradway acknowledged this at the hearing. *See* Oral Argument at 34:43–35:10. Section 1983 claims as predicated on violations of the California Constitution must be dismissed with prejudice as amendment would be futile. *See Chaset,* 300 F.3d at 1088.[8]

### III.   Bane Act Claims

Bradway alleges that Defendants and San Mateo violated his rights under California Civil Code § 52.1 (the Bane Act), alleging violations of the First Amendment, the Fourth Amendment, the Fourteenth Amendment of the United States Constitution, and under Article 1, § 1, § 4, § 7, and § 13 of the California Constitution. Dkt. 1 ¶¶ 43–44. He pleads that Defendants and San Mateo, "acted in reckless disregard of, deliberate indifference to, and with the intent to deprive" Bradway and alleges a failure to supervise. *Id.* ¶¶ 43–45.

Defendants and San Mateo move to dismiss Bradway's claims under the Bane Act. Dkt. 12 at 15. However, as Bradway notes in opposition, dkt. 15 at 12, they do not provide

---

portion of a claim. Dkt. 15 at 6. Bradway appears to be treating his First, Fourth, and Fourteenth Amendment claims under § 1983 as one single claim. Instead, these are separate claims under § 1983; the Court can properly dismiss some but not all. *See, e.g.*, *Cuviello v. City & Cnty. of San Francisco*, 940 F. Supp. 2d 1071, 1079 (N.D. Cal. 2013) ("Plaintiffs' first cause of action brought pursuant to 42 U.S.C. § 1983 consists of three separate subclaims arising under the First, Fourth, and Fourteenth Amendments to the U.S. Constitution. The Court addresses each in turn."); *D.C. by & through Garter v. Cnty. of San Diego*, No. 15-CV-1868, 2021 WL 242940, at *4 (S.D. Cal. Jan. 25, 2021) ("Despite being guised as one cause of action, allegations of First, Fourth, and Fourteenth Amendment violations are separate claims.").

[8] At the hearing, Bradway conceded that he lacks authority to bring California Constitution claims under § 1983, and stated that these claims relate to his second cause of action under the Bane Act. Oral Argument at 34:49–35:09. The Court addresses the California Constitution claims here based on the text of Bradway's complaint, which purports to bring such claims under § 1983. *See* dkt. 1 ¶¶ 36–37.

9

the Court with any argument to dismiss claims based on the California Constitution under the Bane Act. The Court therefore denies the motion to dismiss with respect to these claims.

The Bane Act "provides a cause of action for violations of a [plaintiff's] state or federal civil rights committed by threats, intimidation, or coercion." *Reese v. County of Sacramento*, 888 F.3d 1030, 1040 (9th Cir. 2018) (cleaned up). To allege violation of the Bane Act, there must be a "threat, intimidation, or coercion," which need not be "transactionally independent" from the underlying constitutional violation alleged. *Id.* at 1043. Next, "the Bane Act requires 'a specific intent to violate the arrestee's right to freedom from unreasonable seizure.'" *Id.* (quoting *Cornell v. City & Cnty. of San Francisco*, 17 Cal. App. 5th 766, 799–800 (2017)).

As decided above, Bradway failed to plead violations of the First Amendment, the Fourth Amendment's right to privacy, and the Fourteenth Amendment under § 1983. For the same reasons, those alleged violations cannot support Bane Act claims. Bradway's Bane Act claims as predicated on violations of the First Amendment, Fourth Amendment right to privacy, and Fourteenth Amendment are dismissed with prejudice.

Bradway does plausibly allege violations of the Fourth Amendment's prohibitions against unreasonable searches and seizures. But his allegations fail as to the second prong. Defendants and San Mateo argue that Bradway fails to allege specific intent. Dkt. 12 at 15–16. The Ninth Circuit recently explained that "a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights." *Reese*, 888 F.3d at 1045. Bradway alleges Defendants acted "with reckless disregard" for his rights. Dkt. 1 ¶¶ 43–44. He does not allege any specific facts in support of his conclusion. *See Iqbal*, 556 U.S. at 678 ("[Courts] are not bound to accept as true a legal conclusion couched as a

factual allegation") (cleaned up).

Accordingly, the motion to dismiss Bradway's Bane Act claims, predicated on violations of the Fourth Amendment's prohibitions against unreasonable searches and seizures, is granted and Bradway's claim is dismissed without prejudice.[9] *See Herrera v. United States*, No. 24-CV-01409, 2025 WL 977141, at *8 (S.D. Cal. Apr. 1, 2025) (dismissing a Bane Act claim where the plaintiff alleged no facts in support of his conclusion that the defendants acted with disregard for his rights).

## IV. Conclusion

The Court grants in part the motion to dismiss and dismisses Bradway § 1983 claims under the First Amendment and the California Constitution with prejudice.

The motion to dismiss is denied as to Bradway's § 1983 Fourth Amendment search and seizure claims but granted as to his right to privacy claims under the Fourth Amendment, which are dismissed with prejudice.

The motion to dismiss his § 1983 Fourteenth Amendment claims is granted with prejudice as to his right to choose a profession, to privacy, to due process, and to liberty, but granted without prejudice as to his right to refuse medical treatment.

The motion to dismiss Bradway's Bane Act claims under the First and Fourteenth Amendments is granted with prejudice. The motion to dismiss is denied with respect to Bradway's Bane Act claims under the California Constitution and granted without prejudice on his Bane Act claims under the Fourth Amendment's ban on unreasonable search and

---

[9] Bradway alleges that the Court cannot dismiss parts of a Bane Act claim under Rule 12(b)(6). The Court will again treat each claim under the Bane Act separately. *See Price v. Peerson*, No. 13-CV-3390, 2013 WL 12132035, at *7 (C.D. Cal. Aug. 28, 2013), ("Plaintiff also brings two separate claims under [the Bane Act] against [defendant] for violation of his First and Fourteenth Amendment rights (the sixth and seventh causes of action)."), *on reconsideration in part*, No. 13-CV-3390, 2013 WL 12140999 (C.D. Cal. Nov. 20, 2013).

seizure.

Any amended complaint is due December 5, 2025.

**IT IS SO ORDERED.**

Dated: November 5, 2025

Alex G. Tse
United States Magistrate Judge